UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AMBER MARIE CLARK,
    Plaintiff,

vs.                                      Case No.: 3:24cv413/TKW/ZCB

DEPARTMENT OF CHILDREN
AND FAMILY'S WALTON FL,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Presently before the Court is Plaintiff's Complaint. (Doc. 1). The Court is statutorily required to screen Plaintiff's Complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B) (governing *in forma pauperis* actions). Upon review of the Complaint, it is apparent that Plaintiff is seeking monetary relief from a defendant who is immune. Therefore, Plaintiff's Complaint should be **DISMISSED** without prejudice.

1

## I. Background

Plaintiff has named the "Department of Children and Family's Walton Florida" (DCF) as the sole Defendant in this case. (Doc. 1 at 3). Plaintiff sues Defendant in its official capacity. (*Id.*). According to Plaintiff's allegations, Plaintiff and her ex-husband were having a disagreement on September 1, 2017, when police were called to take away the ex-husband. (*Id.* at 4-5). Plaintiff states that her son was in Plaintiff's sole custody at that time. (*Id.* at 5). Plaintiff alleges "[Defendant] came the next day [September 2, 2017] and ripped [Plaintiff's son] off of [Plaintiff] while she was breast feeding." (*Id.*). Plaintiff claims that Defendant falsely accused her of "the one being arrested" and that Plaintiff was forced to pack a bag and move out of her own home. (*Id.*). Plaintiff asserts that her son was in no danger and that Defendant grossly neglected Plaintiff and her son. (*Id.* at 5-6). Plaintiff states that it was her ex-husband who was arrested not Plaintiff. (*Id.* at 6). Lastly, Plaintiff claims that "[t]his will not be the end of [Defendant's] abuse." (*Id.*).

Plaintiff claims that Defendant violated the Fourth Amendment because "there was no reason to take [Plaintiff's] son . . . [a]nd it was

2

based on a lie." (*Id.* at 7). Plaintiff also alleges that Defendant deprived her of life, liberty, or property in violation of the Fourteenth Amendment because her son "is [Plaintiff's] blood and life." (*Id.*). Plaintiff requests $3 billion in damages for trauma and asks for injunctive relief that her kids be returned. (*Id.*).

## II.   Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to

3

draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## III. Discussion

The Eleventh Amendment doctrine of sovereign immunity is an absolute bar to suits by individuals against a state or its agencies. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Absent waiver or express congressional abrogation (neither of which is present in this case)[1] the Eleventh Amendment doctrine of sovereign immunity bars a § 1983 plaintiff from suing a state agency. *See McKinley v. Kaplan*, 177

---

[1] The State of Florida has not waived its sovereign immunity in § 1983 actions. *Driessen v. Univ. of Miami Sch. of Law*, 835 F. App'x 489, 492 (11th Cir. 2020) (noting that 42 U.S.C. § 1983 does not abrogate sovereign immunity and that Florida has neither "waived sovereign immunity or consented to suit with respect to such actions").

F.3d 1253, 1256 (11th Cir. 1999) (determining that § 1983 does not create a cause of action for money damages against the States, a State agency, or State officials in their official capacities); *see also Ross v. Dep't of Children Florida*, 2014 WL 12625122, at *2 (M.D. Fla. Apr. 28, 2014) (noting that the *Ex parte Young* exception only applies to claims for injunctive relief brought against an individual rather than a state agency such as DCF).

Here, Plaintiff has sued an agency of the State of Florida. *See* Fla. Stat. § 20.19 (creating DCF). Such a suit is barred by the Eleventh Amendment doctrine of sovereign immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989); *McKinley*, 177 F.3d at 1256; *Freyre v. Chronister*, 910 F.3d 1371, 1381 (11th Cir. 2018). Because Defendant is entitled to sovereign immunity, granting leave to amend would be futile. *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) (explaining that "a district court need not allow even a *pro se* plaintiff leave to amend where amendment would be futile").[2] Thus, dismissal without prejudice is warranted.

---

[2] To the extent Plaintiff is attempting to nullify a state-court judgment regarding her parental rights, such a claim is barred by the *Rooker-*

### III.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.  This action be **DISMISSED without prejudice** under 28 U.S.C. §§ 1915(e)(2)(B).

2.  The Clerk of Court be directed to close this case.

At Pensacola, Florida this 10th day of September 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal

---

*Feldman* doctrine.  See e.g., *Fox v. Fla. Dep't of Children and Families*, 828 F. App'x 639, 642 (11th Cir. 2020) (holding the "district court properly dismissed Fox's federal claims for lack of subject matter jurisdiction under the Rooker-Feldman doctrine" because a claim that "FDCF investigator violated her Fourth and Fourteenth Amendment rights when he removed her daughter from her home . . . would effectively nullify the state-court judgment . . . terminating her parental rights and stripping her of custody")

the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.